UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CRISTIAN JOB DELBOSQUE,<br><br>    Petitioner,<br><br>    v.<br><br>STEPHEN D. SINCLAIR,<br><br>    Respondent. | CASE NO. C13-5495 BHS/KLS<br><br>ORDER GRANTING MOTION TO STAY AND ABATE |

    Petitioner Cristian Job Delbosque, through counsel, filed a 28 U.S.C. ¶ 2254 Petition for Writ of Habeas Corpus. ECF No. 1. By this motion, he moves to stay the petition so that he may exhaust his state court remedies. Respondent does not object to the stay. ECF No. 12.

    As an alternative remedy, Mr. Delbosque filed a motion to transfer this case to the United States Court of Appeals for the Ninth Circuit as his Third Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. ECF No. 11. Simultaneous with the filing of the motion to transfer in this Court, Mr. Delbosque filed a similar motion to transfer in the Ninth Circuit.

**BACKGROUND**

    Mr. Delbosque is a Washington State prisoner who filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court on June 20, 2013. Mr. Delbosque is serving a mandatory life without the possibility of parole sentence for an aggravated first degree murder that took place when he was under the age of 18. Both Washington State courts and the Ninth Circuit previously rejected arguments that mandatory life without parole sentences imposed for

acts committed as juveniles violated the Eighth Amendment. *In re Boot (State v. Cornejo)*, 130 Wn.2d 553, 925 P.2d 964 (1996); *State v. Massey*, 60 Wn. App. 131, 803 P.2d 340 (1990), *rev. denied*, 115 Wn.2d 1021, 802 P.2d 126 (1990), *cert. denied*, 499 U.S. 960 (1991); *State v. Stevenson*, 55 Wn. App. 725, 737-38, 780 P.2d 873(1989), *rev. denied,* 113 Wn.2d 1040, 785 P.2d 827 (1990); *Harris v. Wright*, 93 F.3d 581 (9th Cir. 1996).

On June 25, 2012, the United States Supreme Court issued the decision in *Miller v. Alabama*, ___ U.S. ___, 132 S. Ct. 2455, 183 L.Ed.2d 407 (2012), in which it holds for the first time, that the mandatory imposition of a life without parole sentence on someone for acts committed as a juvenile violated the Eighth Amendment. On May 29, 2013, Mr. Delbosque filed a Personal Restraint Petition in the Washington State Supreme Court attacking the life without parole sentence. Washington Supreme Court Case No. 88881-7. Ex. 16 to § 2254 Petition, ECF No. 1 (This petition was filed on May 29, 2013, but a corrected version (correcting formatting and citation errors) was subsequently filed. Counsel has attached the corrected version to the § 2254 petition as Exhibit 16.) This petition is still pending and the claim is not exhausted.

Mr. Delbosque's case has not yet been stayed in the Washington Supreme Court. However, the Washington Supreme Court has chosen one "test" case involving the LWOP for juveniles issue, *In re Russell Duane McNeil*, No. 87654-1, and has begun to stay all similar cases pending that decision. *See Order in In re Barry C. Massey*, No. 88001-8. ECF No. 1, Ex. 18. The Washington Supreme Court recently denied Mr. Massey's motion to consolidate his case with Mr. McNeil's and lift the stay. ECF No. 1, Ex. 18 to § 2254 petition. Mr. Delbosque expects that his case will be similarly stayed.

In the event that the Washington courts reject his PRP, Mr. Delbosque will need to file a successor petition under 28 U.S.C. § 2254 in federal court (obtaining the permission of the Ninth Circuit). In this case, the petition would be timely if Mr. Delbosque filed the petition

ORDER GRANTING MOTION TO STAY AND ABATE- 2

1  within one year of:

2      the date on which the constitutional right asserted was initially recognized by the
3      Supreme Court, if the right has been newly recognized by the Supreme Court and
    made retroactively applicable to cases on collateral review.

4  28 U.S.C. § 2244(d)(1)(C).

5      Mr. Delbosque filed his first habeas corpus petition in federal court in 1997, in which he
6  challenged his two convictions and sentence.  *See Delbosque v. Morgan,* 97-CV-5725RJB.  His
7  petition was dismissed with prejudice.  Certificates of appealability were denied by both the
8  District Court and the Ninth Circuit.  In 1999 the United States Supreme Court denied certiorari
9  (ECF No. 12, Exhibit 8).  In 2006, Mr. Delbosque filed his second habeas corpus petition in
10 federal court.  *See Delbosque v. Brunson,* 06-CV-5662RBL.  That petition was transferred to the
11 Ninth Circuit as a second or successive petition.  As noted above, Mr. Delbosque has already
12 filed a motion to file a second or successive petition with regard to his life without parole
13 sentence with the Ninth Circuit.

14     Respondent does not object to the requested stay, but states that he does not waive any
15 defense based upon exhaustion, procedural default, or the statute of limitations.  ECF No. 12.

16 **DISCUSSION**

17     The Court may stay a petition where the stay would be a proper exercise of discretion.
18 *Rhines v. Weber*, 125 S. Ct. 1528, 1534 (2005); *see also Fetterly v. Paskett*, 997 F.2d 1295 (9th
19 Cir. 1993); *Calderon v. United States Dist. Court for Northern Dist. of California*, 144 F.3d 618,
20 620 (9th Cir. 1998); *Anthony v. Cambra*, 236 F.3d 568 (9th Cir. 2000).  Mr. Delbosque indicates
21 a stay is necessary to allow him to litigate a recently filed personal restraint petition.  ECF No.
22 10.  Mr. Delbosque indicates he filed the state court petition in an attempt to fully exhaust his
23 state court remedies, and that he filed the federal petition to avoid running afoul of the federal
24 statute of limitations.  *Id.*

Respondent does not object to the requested stay of the federal proceedings because at this time he is unable to obtain the state court file if the proceedings are active. Respondent states that neither party should be prejudiced by a stay. ECF No. 12 at 2.

Because Mr. Delbosque has filed parallel motions in this Court and in the Ninth Circuit asking that his petition be transferred to the Ninth Circuit as a second or successive petition, this Court will take no action on Mr. Delbosque's motion to transfer.

Accordingly, it is **ORDERED**:

(1) Petitioner's Motion to Stay and Abate (ECF No. 10) is **GRANTED** and this matter is **STAYED** pending resolution of the state court proceedings.

(2) Petitioner shall advise the Court within **thirty (30)** days of receiving a final State court ruling. Respondent's answer to Petitioner's federal petition shall be due 45 days after the stay is lifted.

(3) Petitioner's Motion to Transfer (ECF No. 11) shall be **stricken** from the docket as the Court will take no action in that regard.

(4) The Clerk shall send copies of this Order to Petitioner and counsel for Respondent.

**DATED** this 5th day of August, 2013.

Karen L. Strombom
United States Magistrate Judge

ORDER GRANTING MOTION TO STAY AND ABATE- 4